# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

SAMUEL E. COBB JR., )
 )
        Petitioner, )
 )
vs. ) Case No. 15-0591-CV-W-FJG-P
 )
IAN WALLACE, )
 )
        Respondent. )

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, who is currently confined at the Southeast Correctional Center in Charleston, Missouri, has filed pro se a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his 2009 convictions and sentences for ten counts of statutory sodomy in the first degree, which were entered in the Circuit Court of Lawrence County, Missouri.

Petitioner raises three (3) grounds for relief: (1) that trial counsel was ineffective for committing a discovery violation which resulted in the exclusion of the defendant's expert's testimony; (2) that trial counsel was ineffective for failing to prepare an alternative defense after the defense's expert was prohibited from testifying; and (3) that trial counsel was ineffective for inadequately cross examining a witness.

Respondent contends that Ground 3 is without merit and that Grounds 1 and 2 are procedurally barred.

## FACTUAL BACKGROUND

On direct appeal, the Missouri Court of Appeals, Southern District, summarized the facts of the case:

H.A., born in March 1989, and D.A., born in June 1991, are brothers. Their parents, G.A. and S.A., separated in 2004. Afterward, H.A. and D.A. lived with their father in Buffalo, while their mother moved into Defendant's home in Mount Vernon. Following their father's death on April 18, 1995, H.A. and D.A. went to live with their mother and Defendant. The four of them later moved to rural Lawrence County.

In November 1997, H.A. was removed from the home amid allegations he had been physically abused by Defendant. During the ensuing investigation, D.A. was removed from the home in January 1998. Within five months thereafter, both boys went to live with their paternal grandparents, who were later granted their legal guardianship.

Soon after they moved in with their grandparents, difficulties arose. Both boys exhibited behavioral problems and were observed sexually acting out with each other. Individual therapy was provided to each boy, as well as family counseling. For a period of two or three years, each boy had bi-weekly counseling at the Forest Institute. The issues counseling was intended to address included their lying, stealing, and the sexual activity between the brothers. While both apparently related instances of physical abuse by their mother and Defendant, neither alleged that they had been sexually abused while living in their mother's home.

In February 2005, D.A. was removed from his grandparents' home after he was caught "sexually playing" with his five-year-old cousin. Soon after D.A. was removed, the grandparents relinquished custody of H.A., who "had a lot of anger issues that [the grandparents] couldn't reach[.]" D.A. was placed with a foster family for a short time before he was moved to Boys and Girls Town. H.A. was first placed in a foster home, and he later lived at the Boys Home in Verona. Counseling and therapy continued for each boy.

On March 16, 2005, a hotline call reported that D.A. was claiming he had been sexually abused by his mother and Defendant while he lived in their home. After D.A.'s disclosure, H.A. was angry at D.A. because of his allegations. He was also angry at D.A. for molesting their young cousin. At one point, D.A. told his therapist that most of his allegations regarding sexual abuse were not true, but he later recanted, claiming he denied the behavior had occurred so that H.A. would no longer be angry with him and because H.A.'s hostility toward him was hurtful, and he wanted to make things better between H.A. and him.

D.A. and H.A. were brought together for counseling sessions during which they discussed D.A.'s allegations and the events that D.A. remembered. A few days later after one such session with his brother, H.A. awoke one morning and told the director of the group home that he remembered he "was in a corner and that [Defendant] had put [him] in [his mother's] underwear and [Defendant] masturbated [him] with that[.]" This was the first incident of sexual abuse he

related to his counselor, Richard Jenkins. H.A. made other disclosures of his sexual abuse by Defendant to Jenkins only after Jenkins arranged for H.A. to be interviewed by a police officer at the Aurora police department on August 16, 2005.

Eventually, Defendant was tried before a jury on ten counts of statutory sodomy in the first degree. Three of the counts charged that Defendant had deviate sexual intercourse with D.A., who was less than fourteen years old, between January 1, 1997, and September 30, 1997. Seven counts charged Defendant with the same offense against H.A., also less than fourteen years old, committed on various dates between November 1996 and 1997.

. . . .

The jury found Defendant guilty on all ten counts, and the trial court sentenced him as a prior offender to consecutive terms of twenty years' imprisonment on each count. Defendant timely appealed.

Respondent's Exhibit E, pp. 2-5 (internal footnotes omitted).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 3 - INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In Ground 3, petitioner contends that trial counsel was ineffective for inadequately cross examining a witness. Prior to trial, trial counsel filed a motion in limine to exclude H.A. from

---

[1]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

referencing a voice stress test (VST) that he took at a police station. In the motion for new trial, trial counsel argued that the testimony regarding the VST should have been admitted. Petitioner avers that trial counsel's equivocation about the admissibility of the VST establishes that trial counsel was "woefully unprepared to examine the witness[.]" Petitioner contends that, but for trial counsel's failure, there is a reasonable probability that the outcome of his trial would have been different.

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

The Missouri Court of Appeals, Southern District, found that the motion court's judgment was supported by the record:

> This point challenges the motion court's finding that the VST claim alleged in Cobb's amended motion did not sufficiently plead facts warranting Rule 29.15 relief. To summarize the prolix pleaded claim, Cobb alleged that trial counsel was
>
> > ineffective in failing to prepare an effective cross

> examination of state's witness Holt Atkeson …. In whole, trial counsel was unprepared for such cross examination and did not have a coherent strategy regarding the scope of such cross examination, leaving the record devoid of an issue properly preserved for appellate review.

> Elsewhere, the point reiterates that "[t]he [VST] issue was argued on appeal, but the appellate court found that the claim was not properly preserved for appellate review," and alleges in conclusion that "counsel was thereby ineffective in properly defending the accusations against Movant."

> We agree this fails to plead facts warranting post-conviction relief for the following reasons, among others.

> The only prejudice suggested by this claim as pleaded, or by Cobb on appeal, is a failure to preserve the VST issue for appellate review. Such a claim is not cognizable under Rule 29.15. Glasgow v. State, 218 S.W.3d 484, 489-90 (Mo.App. 2007); Brooks v. State, 208 S.W.3d 363, 365 (Mo.App. 2006).

> Also as noted above, Cobb's direct-appeal point failed because it differed from the claim in his new trial motion. So while Cobb now complains that counsel at trial should have "had an approach consistent with the Motion for New Trial," doing so would not have preserved the VST issue even were that a basis for Rule 29.15 relief.

> Further, Cobb requests as relief that "this Court remand this case back to the motion court for findings on prejudice as to Mr. Cobb's claim of ineffective assistance of counsel based on trial counsel's failure to have a coherent theory regarding testimony around the admissibility of the VST." This effectively confirms what is revealed by review of the record – a failure to plead or prove cognizable prejudice which dooms this appeal. It was Cobb's burden to prove prejudice at the evidentiary hearing. Clark v. State, 94 S.W.3d 455, 463 (Mo.App. 2003). His failure to do so alone justifies us in denying Point III, id., and thus affirming the judgment.

Respondent's Exhibit J, pp. 3-4.

The decision of the Missouri Court of Appeals is reasonable and therefore is entitled to deference under § 2254(d). The resolution of Ground 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2] Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Ground 3 is denied.

## GROUNDS 1 & 2 – PROCEDURAL DEFAULT

In Ground 1, petitioner contends that trial counsel was ineffective for committing a discovery violation which resulted in the exclusion of the defendant's expert's testimony. In Ground 2, petitioner contends that trial counsel was ineffective for failing to prepare an alternative defense after the defense's expert was prohibited from testifying. Respondent contends that Grounds 1 and 2 are procedurally barred.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

A review of the record shows that petitioner raised Grounds 1 and 2 in his amended Rule 29.15 post-conviction motion. However, petitioner did not raise Grounds 1 or 2 on appeal from the denial of his Rule 29.15 post-conviction motion. Therefore, Grounds 1 and 2 are procedurally defaulted and may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

It appears that petitioner may be attempting to demonstrate cause for his procedural default of Grounds 1 and 2 under Martinez v. Ryan, 132 S. Ct. 1309, 1312 (2012). However, "Martinez offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012). Petitioner defaulted Grounds 1 and 2 by failing to preserve them on appeal from his original post-conviction proceeding. Consequently, petitioner cannot demonstrate cause for his procedural default of Grounds 1 and 2 under Martinez.

Indeed, petitioner does not present any valid explanation for why these grounds were not pursued on appeal from the denial of his amended Rule 29.15 motion and, therefore, has failed to demonstrate cause for his procedural default. As a result, we do not consider prejudice. The Court, however, can still reach the merits of his claims if petitioner can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence . . . that was not presented at trial." Second, he must establish

"that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995). Petitioner fails to make this showing.

Petitioner has failed to show cause for his default of Grounds 1 or 2. He does not show that a manifest injustice will occur if these grounds are not reviewed on the merits, and he has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of Grounds 1 and 2 is barred.

Grounds 1 and 2 will be denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED**;

(2) this case is **DISMISSED** with prejudice; and

(3) a certificate of appealability is **DENIED**.

/s/ *Fernando J. Gaitan, Jr.*
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 16, 2016.